Dade, J.
delivered the opinion of the Court
(After stating the case.) In proper order of time, it would seem right to examine, and decide the third question *648 first. Because, if it be true that the judgment of the Examining Court, and finding of the Grand Jury, are conclusive of the question of slight suspicion of guilt, or not, so ag absolutely to exclude bail, then.the two former questjons? which involve mere considerations of discretion, and expediency, could never arise. The Statutes of England,* and our own'Acts of Assembly,† restraining the letting to bail in certain cases before conviction, have never been construed to extend to the Superior Courts of Law, or to the Judges thereof.‡ Before conviction, then, in every case, of the imprisonment of a citizen, the Superior Courts and Judges may enquire into the cause of confinement, and let to bail, if under the circumstances it seems right to do so. This general proposition repels the idea that the Court or Judge is concluded by the judgment of any inferior authority. But, without the aid of this general principle, the point is clear upon the Statute regulating criminal proceedings against free persons. 1. Rev. Code, p. 599, sec. 3, by which it is declared, that “any Judge of the General Court, when it is not sitting, may admit to bail a prisoner, when he shall think him or her entitled thereto, and grant a warrant for his deliverance, notwithstanding the Justices, before whom the examination was, shall have been of a different opinion.” This act, in direct terms, extinguishes the notion of conclusiveness in the judgment of the Examining Court. And it would seem strange indeed, that while the Legislature should deny this influence to the judgment of a Court hearing the testimony on both sides, and acting directly on the question, on a motion to be let to bail, the Superior Courts should attribute more weight to the voice of a tribunal, (the Grand Jury,) which hears nothing but the testimony in support of the accusa *649 iion. We therefore think, that the judgment of the ExaJ ... mining Court, and finding of the Grand Jury, did not con-dude the Judge of the Superior Court from entering into the enquiry, whether there was but a light suspicion of . . . guilt against the prisoner.
The two other questions admit but of a single answer. From what has been before said, it follows, that the Judge had the power to bail in this case, and of course that he might have heard evidence, either written or parol, in support of the motion. But, it was a matter in his sound legal discretion; and if it is intended to be referred to this Court, how, under the circumstances of this ease, that discretion should have been exercised, then we say, we think he ought to have refused to entertain the motion. The power to let to bail, implies the power to hear all legal testimony which may influence the decision of the motion. Therefore, on a petition from one in confinement, under the judgment of an Examining Court, the Judge may hear testimony other than the depositions taken on the prisoner’s examination. And there may be a state of things, which would justify, and require such proceeding. In general, it would be wrong to go out of the depositions, because ordinarily in such case, the examination would be ex parte. There is certainly nothing in the statute, or in sound legal construction, which, upon a motion to let to bail in such a case, limits the investigation of the facts to the depositions taken in the Examining Court. If the whole testimony should not have been before the Examining Court, or if the notes of the testimony should be imperfect, or inaccurate, (all of which sometimes happens,) it would be hard to conclude a prisoner thereby, and deny him the right to enlarge, contradict, or explain these depositions in a case in which it might happen that -the whole testimony on both sides was within the reach of the Judge; and the principle is the same in regard to the Commonwealth. It is true, such a case will not often occur, hut if one such might happen, it negatives the rulo of confin *650 ing the investigation of the facts to the depositions taken in the Examining Court. The leading objection to the examination of other testimony than that appearing on the reeorc]) ¡Sj that generally such examination would be ex And for this same reason, we think that the Judge of the Superior Court of Law for the county of Louisa should have refused to enter into the examination of the testimony, either written or parol, which was offered when the motion to let to bail was made in this case. The trial had been already continued on the motion of the Attorney for the Commonwealth, because of the absence of material witnesses. The examination, either upon the depositions, or parol testimony, must then necessarily have been ex parte, and injurious to the Commonwealth, unless we are to presume that the absent witnesses had been examined in the Called Court. But, whatever latitude may be allowable to a jury, or other tribunal examining a matter of fact, to draw any probable inferences, we apprehend that legal presumptions must be necessary, and not barely probable deductions, and we cannot perceive how it must necessarily be presumed that the absent witnesses had been before the Examining Court. The Courts, and officers of the law, are indeed legally presumed to do their duty. But, it cannot be alledged as a breach of duty of the Examining Court, not to have had all the testimony in the cause before them, because they have nothing to do with the preparation of testimony. Nor is it strictly the duty of the Attorney for the Commonwealth to collect the witnesses; his duties in relation to this matter, commence in Court. In truth, the practice is for the Committing Magistrate to recognize such of the witnesses as may be before him, when the mittimus is made out, and for the Attorney for the Commonwealth, or any one else, who may take an interest in the subject, to order subpoenas for witnesses, who may be suggested as knowing something of the affair. And after all, the examination is often very imperfect before the called Court, and nothing is *651 more common than that important testimony is discovered on either side, after the Examining Court has fulfilled its duties.
Upon the whole, therefore, we conclude, that whenever the motion to be let to bail is made upon the ground, that there is but a light suspicion of guilt against the prisoner, which of course induces an examination and weighing of the whole testimony in the case, the Court or Judge ought not to entertain the motion, when it is apparent that the Commonwealth is unavoidably deprived of some testimony, important in the decision of that question.
The following is to be entered as the judgment of the Court.
The Court is of opinion, and doth decide, that the judg - ment of the Examining Court, and finding of the Grand Jury, were not conclusive of the probable guilt of the prisoner, so as to exclude the examination of testimony by the Judge, as to the question of probable guilt, or innocence, on the prisoner’s motion to be lot to bail. But, this Court is further of opinion, and doth decide, that under the particular circumstances of this case, the Court ought not to have gone into the examination of witnesses, or the depositions taken in the Examining Court, for the purpose of ascertaining the degree of suspicion of the prisoner’s guilt, but ought to have rejected the motion to be let to bail on that ground. Which is ordered to be certified, &e.

 3 Edw. 1, ch. 15; 34 Edw. 3, ch. 1; 23 Hen. 6, ch. 10; 1 Rich. 3; ch. 3; 3 Hen. 7, ch. 3; 1 and 2 Ph. & M. ch. 13, and 2 and 3 P. & M. ch. 10.

 See 1 Rev. Code, 595, sec. 1.

 4 Co. Inst. p. 71; 2 Co. Inst. p. 186; 2 Hale’s H. P. C. 129.